IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK LEE SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-1282-F |
| | ) | |
| H.A. RIOS, JR. – WARDEN, | ) | |
| LAWTON CORRECTIONAL | ) | |
| FACILITY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate, has initiated an action under 42 U.S.C. § 1983 naming H.A. Rios, Jr., the Lawton Correctional Facility Warden, as the sole defendant. Doc. 1, at 1-2. United States District Court Judge Stephen P. Friot referred this matter for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C), and it is now before the undersigned Magistrate Judge. Based on Plaintiff's failure to serve the defendant, the undersigned recommends that the complaint be dismissed without prejudice.

**I.      Background.**

On February 1, 2013, Plaintiff was granted permission to proceed with service of process and cautioned that he had 120 days from that date to complete service on the named defendant. Doc. 11. The court clerk mailed Plaintiff summons and service forms on February 1, 2013, and again on March 14, 2013.

Plaintiff's deadline for service, June 3, 2013, passed without him filing proof of service or requesting an extension of time to do so. Consequently, the undersigned ordered Plaintiff to show cause why his complaint should not be dismissed without prejudice for failure to serve the defendant as required by Fed. R. Civ. P. 4(m). Doc. 12. Plaintiff did not respond.

## II. Analysis.

Although pro se, Plaintiff is responsible for serving Defendant Rios with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though plaintiff was pro se, he was "obligated to follow the requirements of Fed. R. Civ. P. 4" (citation omitted)). As noted above, Plaintiff has failed to do so. Accordingly, the undersigned must determine whether the record reflects "good cause" for an extension of time. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

The first factor the Court considers is whether the statute of limitations would bar refiling against Defendant Rios. *See id.* at 842. Defendant Rios's conduct is not specifically described in the complaint, but the undersigned assumes that his alleged liability stems from the January 2011 incident in which three other inmates assaulted Plaintiff. *See* Doc. 1, at 1. Plaintiff had a two-year limitations period – or until January 2013 – in which to file the action. *See*

*McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011); *see also Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) ("In a § 1983 action, state law governs issues regarding the statute of limitations and tolling . . . ."). The Court presumes then that his complaint, filed in November 2012, is timely. Based on that timeliness, Oklahoma's savings clause would likely salvage Plaintiff's ability to refiling against Defendant Rios. That statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100; *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (noting that the original suit had been dismissed for failure to serve summons and holding that Okla. Stat. tit. 12, § 100 "allows a suit so dismissed to be refiled within one year"). As such, this factor weighs against an extension of time for service.

The second factor the Court considers is whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. Because Defendant Rios is the sole defendant, this factor is irrelevant.

Third, the undersigned must consider whether Defendant Rios is avoiding service. *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'" (citations omitted)).

This factor also weighs against an extension of time as the record does not include any evidence regarding evasion of service.

In sum, Plaintiff was given multiple opportunities to either serve Defendant Rios or explain his failure to do so and the undersigned finds no "good cause" to extend the service deadline.

### III. Recommendation and Notice of Right to Object.

For the reasons set forth above, the undersigned recommends dismissing the complaint without prejudice.

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 5th day of August, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make a timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 16th day of July, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE